IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| Quin Jackson and David Whitworth, | ) | |
| individually, and on behalf of those | ) | |
| similarly situated, | ) | |
| | } | |
| Plaintiffss, | ) | |
| v. | ) | Case No. 08-4133-RDR-KGS |
| | ) | |
| Sprint Nextel Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR REMAND</u>

One critical decision faces this Court.  Does this state-wide class action brought on behalf of Kansas citizens solely under Kansas antitrust law against a company organized under Kansas law case belong in federal court or not?  If so, this case will be transferred to, and combined with, the MDL along with over 25 nation-wide and multi-state class actions originally filed in federal courts throughout the United States.  If not, the case should be remanded to the home state court, Douglas County, Kansas, District Court, where Plaintiffs originally filed it.

Phrased more legalistically, this Court must determine the threshold issue of whether federal subject matter jurisdiction exists in this case. The jurisdictional determination is of crucial importance to assure that the parties and this Court (the MDL Panel and MDL Court) do not waste time and resources by proceeding when jurisdiction was not properly established.  The Honorable Judge Belot's observations in remanding a case for failure to have the required amount in controversy, an issue that he reluctantly raised *sua sponte,* are appropriate to recount here:

> [T]he court finds this case interesting, and would be pleased to proceed to the merits.  Nonetheless, federal courts are courts of limited jurisdiction, and the parties cannot confer jurisdiction where it is lacking.  **If the court lacks subject matter jurisdiction, all rulings are a nullity, lacking any force and effect. …** at some point the court will issue a ruling on the merits.  That ruling will necessarily be adverse to one of the parties.  At that point, losing counsel will be obligated to inform his or her client that a basis for appeal exists based on lack of subject matter jurisdiction.

*Boeing Wichita Credit Union v. Wal-Mart Real Estate Business Trust,* 370 F.Supp.2d 1128, 1129 (D. Kan 2005) (emphasis added).   Remand is required where jurisdiction is lacking.  Plaintiffs contend federal subject matter jurisdiction does not exist in this case because: 1) Defendant's notice of removal fails to sustain its burden to establish minimal diversity as the Class Action Fairness Act ("CAFA") requires; and 2) Plaintiffs' First Amended Petition establishes the applicability of the home state exception to CAFA. Either of these reasons necessitates this Court remand this case to its home state court.

<u>NATURE OF THE CASE</u>

This is a Kansas state-wide class action brought solely under Kansas antitrust law against a Kansas company originated in Kansas state court that Defendant removed to this Court under the Class Action Fairness Act (CAFA).  However, CAFA provides that "home state" class actions should be decided in the home state's state court and directs the district court to decline to exercise jurisdiction in such cases.  28 U.S.C. § 1332(d)(4). Logic and efficient judicial administration dictate that the decision on jurisdiction occurs before a decision on transfer of this case to the MDL court.  If federal subject matter jurisdiction is lacking in this Court, it also will be lacking in the MDL court. Consequently, this Court should decide Plaintiffs' motion for remand at its earliest opportunity.

ISSUES

1. Did Defendant, without submitting any evidence at all, carry its burden to prove that there was minimal diversity?

2. Does the class definition establish that greater than two-thirds of the members of the proposed class are citizens of Kansas?

FACTS

1. Defendant presented no evidence in its notice of removal.

2. Defendant is a Kansas citizen. *See* Ex. A (organized under the laws of Kansas).

3. The Class Definition is in Para. 24 of the Amended Petition:

   All individuals who purchased texting from Sprint or a Co-Conspirator from January 1, 2005 to the present and who had (i) a Kansas mailing address for billing purposes from Sprint or a Co-Conspirator; (ii) Kansas phone numbers provided by Sprint or a Co-Conspirator; and, (c) paid a Kansas USF fee.

   Excluded from the class are Sprint and the Co-Conspirator's managerial employees.

   Doc. 1-2 at 21.

4. Plaintiffs alleged as follows in Para. 9 of the Amended Petition:

   The Class Action Fairness Act does not apply because of the home state exception, 28 U.S.C. Sec. 1332(d)(4)(B) since:

   **a.** Two-thirds or more of the members of all proposed Plaintiff Class in the aggregate, and the primary (indeed only) Defendant are citizens of Kansas (the State in which this action was originally filed).

   **b.** Sprint Nextel Corporation is the primary, indeed, sole Defendant and is a citizen of the State of Kansas because it is incorporated in Kansas and/or its principal place of business is in Kansas;

   **c.** Plaintiffss, and the putative class, are Kansas citizens as shown by (i) their Kansas mailing addresses for billing purposes with Sprint or a Co-Conspirator; (ii) their Kansas phone numbers provided by

Sprint or a Co-Conspirator; and, (c) Sprint or a Co-Conspirator charged them and they paid the Kansas USF fee.

Doc. 1-2 at 17-18.

## ARGUMENT AND AUTHORITIES

## I.  THIS CASE INVOLVES A KANSAS DEFENDANT AND A KANSAS CLASS THAT SATISFIES THE HOME STATE EXCEPTION TO SUBJECT MATTER JURISDICTION.

Plaintiffs plainly pled this case against one Defendant, Sprint Nextel Corporation, which has its principal place of business in Kansas.  Plaintiffs also plainly pled this case to fall within the CAFA Home State exception because "two-thirds (2/3) or more of the members of the proposed Plaintiffs class" are Kansans as well.  28 U.S.C. §1332(d)(4)(B).

Defendant argues that it meets CAFA diversity removal jurisdiction and that the Home State exception has not been satisfied *in this case* because twenty-five (25) other putative *nation-wide* class action lawsuits *originally filed in federal court* against *non-Kansas defendants* under some law *other than Kansas antitrust law* do not satisfy the Home State exception.  (Doc. 1 at 4-5).  These *other cases* are not before this Court, do not involve a remand issue, and have no affect on the remand issues before this Court.[1]

_____

[1] Defendant argues that this predominately state case should be "seen through [the] lens" of the "numerous nation-wide and multi-state putative classes".  (Doc. 1 at 4).  But it should not be so seen, because it is not a nation-wide and multi-state class action.  This case is a Kansas only class action – Kansas class, Kansas defendant, Kansas law.  Indeed, Defendant admits: "No other action has been filed in state court, and none …limit the proposed class to citizens of a particular state."  (Doc. 1 at 4).

The Home State exception is expressly set forth by Congress to allow a predominately state class action to proceed in state court against in in-state defendant. This case meets the exception exactly.

Plaintiffs' motion for remand challenges federal subject matter jurisdiction which can be raised at any time unlike procedural removal issues that must be raised within thirty days of removal. Nonetheless, jurisdictional issues are best resolved early in the litigation, especially here, where there is a risk of this case being merged into the MDL cases where federal jurisdiction is not contested.[2]

The class definition alone is sufficient to establish the Home State exception in this case because: (1) Defendant's connection to Kansas is undeniable (Ex. A hereto showing Kansas is Defendant's state of organization); and (2) the definition is limited to class members with either billing addresses, phone numbers, or USF charges in Kansas.

A.  <u>Defendant Has The Burden To Prove Removal Is Proper, Which Defendant Failed To Do.</u>

As the United States Supreme Court observed in *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-5 (1983), the requirement that jurisdiction be established as a threshold matter "spring[s] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception." *Id. (*quoting *Mansfield, C. & L.M.R. Co. v. Swan,* 111 U.S. 379, 382) (1884)). It has long been the

---

[2] Should the existing record be insufficient for the Court to determine subject matter jurisdiction, Plaintiffs simultaneously have served limited jurisdictional discovery on Defendant. However, this discovery pertains only to this case, not the other hundred or so MDL federal court cases. Should that discovery show that the Plaintiff class in this case contains fewer than 2/3 Kansas citizens, Defendant can remove at that time since CAFA eliminated the 1-year procedural bar on removal. *See* 28 U.S.C. § 1453(b)("A class action may be removed to a district court of the United States under section 1446 (except that the 1-year limitation under section 1446(b) shall not apply. . .)"

law that the party seeking to invoke federal court jurisdiction bears the burden of proving all jurisdictional requirements.  Not surprisingly, the Tenth Circuit has held that the party invoking federal jurisdiction bears the burden of proving that it exists and that "removal statutes are construed narrowly; where the plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Martin v. Franklin Capital Corp.,* 251 F.3d. 1284, 1290-91 (10th Cir. 2001).  Defendant's notice of removal in this case fails to establish minimal diversity as all parties are Kansas citizens.

1.  *Defendant Submitted No Proof Whatsoever.*

CAFA can only "confer federal jurisdiction over class action lawsuits involving at least 100 members where there is $5 million in controversy exclusive of interest and costs and minimal diversity (between any defendant and any Plaintiffs class member)."  (Doc. 1 at 2-3, citing *Prime Care Northeast Kan., LLC v. Humana Ins. Co.*, 447 F.3d 1284, 1285 (10th Cir. 2006)).  Plaintiffs do not dispute that the class involves at least 100 members nor that the amount in controversy exceeds $5 million.  However, CAFA also requires that minimal diversity exist between Defendant and any class members. Defendant submitted absolutely no proof to carry its burden on this issue.

2.  *Defendant Does Not Prove That There Is Minimal Diversity.*

In Plaintiffs' Amended Petition, Doc. 1-2 at 17-18, para. 9. b., Plaintiffs alleged: "Sprint Nextel Corporation is the primary, indeed, sole Defendant and is a citizen of the State of Kansas because it is incorporated in Kansas and/or its principal place of business is in Kansas." Plaintiffs also alleged in para. 9.a. that two-thirds or more of the class members are Kansas citizens.  Nowhere in the First Amended Petition do Plaintiffs allege that any class members are non-Kansas citizens.  The class definition is constructed to

make clear that only Kansas citizens are within the class in that a class member must have a billing address in Kansas, a Kansas phone number and have paid the Kansas USF fee.  All three conditions are required for class membership.

Without offering any support, Defendant conclusorily states in its notice of removal, "This class undoubtedly will encompass a number of categories of class members who are not Kansas citizens." (Doc. 1 at 5) [3]  However, Defendant offers not one name or account number of a person with a Kansas mailing address, a Kansas phone number who has paid the Kansas USF fee who is a citizen of another state.  Tenth Circuit law requires "actual proof of jurisdictional facts" and "summary judgment type evidence."  *McPhail v. Deere Co.*, 529 F.3d 947 (10th Cir. 2008) ("actual proof of jurisdictional facts", *id*. at 953, and "summary-judgment-type evidence" is required, *id*. at 955-56).  While Plaintiffs believe it is entirely possible, maybe even likely, that at least one class member with a Kansas billing address and phone number was not a Kansas citizen, no summary judgment type proof was submitted. [4]  Without summary-judgment

---

[3] In a feeble attempt to offer something to the Court, Defendant hypothesizes: "For example, this action is filed in Douglas County, home of the University of Kansas, and *some* out-of-state students likely obtained Kansas billing addresses and phone numbers while remaining citizens of their home state."  However, Defendant likely has this information available electronically such that, if the number of the Sprint text subscribers with Kansas billing addresses, phone numbers and/or paid Kansas USF charges were greater than one-third of the proposed class, Defendant should have included that information in its notice of removal.  Indeed, since Sprint had the information and failed to come forward with it, an adverse inference as to the class composition against Sprint is appropriate.  *See Gilbert v. Cosco Inc.,* 989 F.2d 399, 406 (10th Cir. 1993); *Wardrip v. Hart*, 949 F. Supp. 801, 804 (D. Kan. 1996).

[4] Of course, if Defendant can rely on the common sense argument that there must be at least one non-Kansas citizen that still had both a Kansas billing address and Kansas phone number, then certainly Plaintiffs can rely on the same common sense argument as proof to show that at least two-thirds still are Kansas citizens. Defendant's argument is no

type proof, remand is proper.  *In re Farmers Ins. Exch. Claims Reps.*, 2008 WL 3896209

at *2 (D. Or. Aug. 18, 2008) (remanding for failing to "identify even one putative class

member who is a citizen of [another state]").

Doubts concerning removal must be resolved in favor of remand.  *Martin v.

Franklin Capital Corp.,* 251 F.3d. 1284, 1290-91 (10th Cir. 2001)("[R]emoval statutes are

construed narrowly; where the Plaintiffs and defendant clash about jurisdiction,

uncertainties are resolved in favor of remand.")

B.  <u>If Defendant Had Met Its Removal Burden, Plaintiffs Would Then Have The
Burden To Show That Two-Thirds Of The Putative Class Are Kansas Citizens.</u>

While the Tenth Circuit has not decided the issue yet, other circuits have ruled

that after defendant satisfies its removal burden (which Defendant in this case has not

done), the burden shifts from the defendant to the plaintiff under CAFA to establish the

application of an exception to the exercise of jurisdiction. [5]  Because determining

---

more compelling than Plaintiffs' which means Defendant, as the party with the burden of
proof, loses.

[5] *Frazier v. Pioneer Ams. LLC,* 455 F.3d 542, 546 (5th Cir.2006) (holding that "plaintiffs
have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when
jurisdiction turns on the application"); *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1164
(11th Cir.2006) (same); *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 680 (7th
Cir.2006) (same); *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir.2007)
(same).  Of course, this shifting of the burden was based in part on the assumption that
plaintiff was in the best position to determine the citizenship of the class.  *See Evans,* 449
F.3d at 1164-65; *Frazier,* 455 F.3d at 544.  Here, just the opposite is true.  Indeed,
Plaintiffs suggest that where, as here, such facts are known to the Defendant such that the
Defendant could provide the numbers of texting customers who had Kansas billing
addresses, Kansas phone numbers or paid Kansas USF fees, the burden of proof
requirement should be on Defendant.  *See, Brill v. Countrywide Home Loans, Inc.* 472 F.
3d 446, 447-48 (7th Cir. 2005) ("When the defendant has vital knowledge that the
plaintiffs may lack, a burden that induces the removing party to come forward with the
information-so that the choice between state and federal court may be made accurately-is

citizenship of each class member shortly after removal would be virtually impossible, the Tenth Circuit has relied on a common sense approach by looking at the class definition rather than actual evidence. *State Farm Mutual Automobile Ins. Co. v. Dyer,* 19 F.3d 514 (10th Cir.1994) (remanding case). To do otherwise wastes enormous resources of the litigants and court on an issue not pertinent to class certification, liability, or damages. Further such an insurmountable burden effectively nullifies the Home State exception altogether. The class definition in this case meets this common sense application of the Home State exception.

      1.  <u>Citizenship can be established by mailing address and phone number.</u>

In *State Farm Mutual Automobile Ins. Co. v. Dyer,* 19 F.3d 514 (10th Cir.1994), the Tenth Circuit held that plaintiff's allegation in the state court complaint that the plaintiff was a Wyoming resident created a presumption of continuing residence in Wyoming. In determining citizenship, the court found that "no [contradictory] evidence appears in the record before us and therefore there is a permissible inference" that the plaintiff remained a Wyoming resident after commencement of the action. 19 F.3d at 519. Based on this inference, the Tenth Circuit concluded that "[w]hile there are references in the evidence to [plaintiff's] residence instead of his domicile and citizenship, we feel this is not fatal to jurisdiction.... We are not satisfied that the evidentiary showing in the record is such that the determination of diversity for jurisdictional purposes was not clearly erroneous and should be sustained." *Id.* at 520 (citations omitted). Here, Plaintiffs alleged not only Kansas mailing addresses and Kansas phone numbers, but specifically alleged "Kansas citizenship" of two-thirds or more of the class. (Doc. 1-2 at 3, para. 9.c.)

much to be desired"). At the very least, the Court should apply an adverse inference to the party with the information that refuses to reveal it to the Court. *See also, n. 3, supra.*

That is sufficient under Tenth Circuit law to establish citizenship for jurisdictional purposes. *See also Janis v. Storey & Associates*, 124 F.3d 216. 1997 545569 at *3 (10th Cir. 1997); *National Inspections & Repairs, Inc. v. George S. May Intern. Co*., 202 F.Supp.2d 1238, 1242 (D. Kan. 2002).

This very issue, citizenship of the class, was addressed in *Kitson v. Bank of Edwardsville,* 2006 WL 3392752 (S.D. Ill. 2006), a CAFA Home State exception case. Because of its similarity to this case, Plaintiffs quote extensively from the *Kitson* opinion. The *Kitson* court remanded finding that mailing addresses alone could establish citizenship—here there are Kansas phone numbers (and Kansas USF fees) as well:

> With respect to the question of the citizenship of the class, the Court concludes that the record establishes by a preponderance of the evidence that well over two-thirds of the class are Illinois citizens. As noted, this case has been pending since 2002 and because the case is at a procedurally advanced stage the parties have been able to furnish the Court with extremely specific information concerning the membership of the class. Most importantly, BOE has supplied the Court with a spreadsheet setting out the name and the last known mailing address of each borrower in the class, as well as the amount of each loan the borrower has taken out from BOE; Kitson has supplied the Court with a substantially identical list of class members, doubtless compiled from BOE's records, used by class counsel to give notice to the members of the class of the pendency of this action. Both BOE's evidence and Kitson's evidence reflect that ***over ninety percent of class members have Illinois mailing addresses***. Additionally, Kitson points out that BOE is a relatively small operation that is headquartered in Madison County, Illinois, and maintains all of its branches in Madison County and neighboring St. Clair County, Illinois, that much of the Bank's loan portfolio is secured by property located in Madison County and St. Clair County, and that the Bank, as a community bank subject to regulation under the Community Reinvestment Act, 12 U.S.C. §§ 2901-2908, is required to invest in the area where it conducts business, that is, Madison County and St. Clair County. *See* 12 U.S.C. § 2901. Both BOE and HFS freely concede the overwhelming likelihood that substantially more than two-thirds of class members are Illinois citizens, but they insist that evidence of the Illinois mailing addresses of the vast majority of the borrowers in the class is not sufficient to show citizenship for diversity purposes. The Court disagrees.

With respect to the natural persons in the class, their Illinois mailing addresses are some evidence of Illinois citizenship. It is true of course that the citizenship of a natural person for diversity purposes is determined by the person's domicile, *see Gilbert v. David,* 235 U.S. 561, 569 (1915); *Pollution Control Indus. of Am., Inc. v. Van Gundy,* 21 F.3d 152, 155 n. 4 (7th Cir.1994); *Williams v. Versto, Inc.,* No. 96 C 6427, 1996 WL 745338, at * 1 (N.D.Ill.Dec. 27, 1996); *Seaboard Fin. Co. v. Davis,* 276 F.Supp. 507, 509 (N.D.Ill.1967), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir.1993); *Cassens,* 430 F.Supp.2d at 833; *O'Neal v. Atwal,* 425 F.Supp.2d 944, 946 (W.D.Wis.2006); *Broadwater v. Heidtman Steel Prods., Inc.,* 300 F.Supp.2d 671, 672 (S.D.Ill.2003). Although as BOE and HFS point out, evidence of residence in Illinois is insufficient to prove domicile there, it nonetheless creates a rebuttable presumption of domicile in Illinois. *See District of Columbia v. Murphy,* 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."); *Ennis v. Smith,* 55 U.S. (14 How.) 400, 423 (1853) ("Where a person lives, is taken *primá facie* to be his domicil, until other facts establish the contrary."); *Shelton v. Tiffin,* 47 U.S. (6 How.) 163, 185 (1848) ("Where an individual has resided in a State for a considerable time, being engaged in the prosecution of business, he may well be presumed to be a citizen of such State, unless the contrary appear."). *Cf. Sadat v. Mertes,* 615 F.2d 1176, 1181 (7th Cir.1980) (quoting Restatement (Second) of Conflict of Laws § 19 (1971)) ("A domicil once established continues until it is superseded by a new domicil."); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998) ("[O]nce an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state."); ***Bair v. Peck,* 738 F.Supp. 1354, 1356 (D.Kan.1990) ("[C]ourts have allowed a presumption of domicile upon proof of residency.")**. In this case neither BOE nor HFS has put before the Court evidence that the class members who are natural persons are not domiciled at their Illinois mailing addresses, and therefore the Court is entitled to assume that they are.

Concerning class members that are legal persons, that is, business entities, as a general rule a corporation is for diversity purposes a citizen of the state where it is incorporated and the state where it maintains its principal place of business, that is, the "nerve center" where the corporation's executive headquarters is located. *See* 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon,* 929 F.2d 1220, 1223 (7th Cir.1991); *Jackson v. American Coal Co.,* No. Civ.05-4166-JLF, 2006 WL 181682, at *1 (S.D.Ill. Jan. 23, 2006); *Elmhurst Consulting, LLC v.. Gibson,* 219 F.R.D. 125, 126-27 (N.D.Ill.2003). [footnote omitted] In this instance the evidence furnished by BOE shows that the businesses that borrow from it are small businesses-construction companies, small retailers, and so forth-

who borrow small amounts, in some instances as little as a few thousand dollars. *It defies belief that the mailing addresses set out in BOE's records for these companies are not the addresses of their principal places of business. See Colon Muntaner v. Chart House Enters. of P.R.,* 848 F.Supp. 314, 316 (D.P.R.1993) (holding that Puerto Rico was the principal place of business of a restaurant situated there, rather than Louisiana, where the restaurant's parent corporation maintained its principal place of business, because "[a] restaurant is not the type of operation which can be managed from over two thousand miles away.").

The Court recognizes that the evidence before it regarding the citizenship of the class is not perfect, but the record is not required to be perfect. All that Kitson must show is that it is more likely than not that over two-thirds of the members of the class are Illinois citizens, and the Court believes he has met this burden. Tellingly, at the hearing on Kitson's motion for remand, counsel for HFS openly admitted the overwhelming likelihood that well over two-thirds of class members are Illinois citizens:

> Now we can speculate for good reasons-and if we were business people I'd say [it's] a pretty damn good speculation 94 percent of the people have an Illinois address. Chances are you're going to come up with two-thirds unless things are dramatically different than we believe they would be and our experience teaches us.

Transcript of Hearing on Motion for Remand at 15. It certainly is the case that the Court could order discovery with respect to the citizenship of the class. *See Schwartz v. Comcast Corp.,* No. Civ.A. 05-2340, 2005 WL 1799414, at *7 (E.D.Pa. July 28, 2005). The class in this case is relatively small, and affidavits identifying the jurisdictional prerequisites pertinent to each class member no doubt could be produced. If the record were less clear concerning the citizenship of the class, the Court very likely would require discovery on the issue, given that the Court must abstain from hearing this case if the elements of the local controversy exception are satisfied. The Court notes further that, even were it to conclude at this juncture that Kitson had not met his burden with respect to the citizenship of the class, this would not be the end of the matter because Kitson would be entitled to re-urge abstention upon further discovery with respect to the citizenship of the class. *See Hart,* 457 F.3d at 682 (affirming a district court's holding that the plaintiffs had failed to show the applicability of the local controversy or home-state exceptions, but holding that "Hart and the plaintiffs have the right, through appropriate discovery, to explore the facts relevant to the [district] court's jurisdiction as the case progresses."). The Court sees no advantage to anyone in deferring a ruling on the citizenship of the class until further discovery in this case inevitably produces the clear and convincing evidence that over ninety percent of the class are Illinois citizens demanded by BOE and HFS. The Court is satisfied that the record shows by

> a preponderance of the evidence that over two-thirds of the class are citizens of Illinois, so that the requirements of 28 U.S.C. § 1332(d)(4)(A)(i)(I) are met.

*Kitson*, 2006 WL 3392752 at \*6-7 (emphasis added).[6]  In *Kitson*, Plaintiffs established that 90% of the class members had an in-state mailing address.  Here, by class definition, the in-state mailing address is 100%.  The Tenth Circuit has taken the same approach finding that proof of residency, through mailing addresses, is presumed to be the same as citizenship absent proof to the contrary.  *See, e.g., Hendrix v. New Amsterdam Cas. Co.,* 390 F.2d 299, 301 & n. 9 (10th Cir.1968) (quoting *Kelleam v. Maryland Cas. Co. of Baltimore,* 112 F.2d 940 (10th Cir.1940) ("[I]t was indicated that proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof and shifts burden of showing that his domicile and citizenship are elsewhere than at the place of his residence to the party so alleging.")

    2.  Direct evidence for each class member's citizenship is not required.

    Defendant has the misguided notion that the Home State exception should never be invoked and urges the adoption of an insurmountable burden requiring Plaintiffs to (1) identify the citizenship of each class member before discovery (a task not even required for class certification or even trial on the merits); and (2) submit individual proof as to the citizenship of each class member (a costly and insurmountable task, not to mention contrary to the representative nature of class actions).  Thankfully, no court has gone that

---

[6] Admittedly there had been extensive discovery in *Kitson*, and evidence of mailing addresses was submitted, but this case is stronger still.  Here, 100% of the class had a Kansas mailing address *and* a Kansas phone number and paid a Kansas USF fee.  In *Kitson*, some class members did not have an in-state mailing address.

far. This Court, the Honorable Judge Marten, found it unnecessary under the similar

"local controversy" exception.[7]

> The plaintiff cites a variety of cases in arguing that the court should not apply the Local Controversy or Home State Exceptions in the absence of discovery and direct evidence as to the citizenship of the class. *See Evans v. Walter Indus.,* 449 F.3d 1159 (11th Cir.2006); *Kearns v. Ford Motor Co.,* No. CV-05-5644-GAF (JTLX), 2005 WL 3967998 (C.D.Cal. Nov. 21, 2005); *Musgrave v. Aluminum Co.,* No. 3:06-cv-0029-RLY-WGH, 2006 WL 1994840 (S.D.Ind. July 14, 2006).

> In each of these cases, however, circumstances existed which rendered the need for a fuller factual exploration necessary. In *Evans,* as the court itself noted, the complaint alleged a toxic exposure which was "extremely broad, extending over an 85-year period." In *Musgrave,* the action arose based on wastes produced "on the banks of the Ohio River" between Indiana and Tennessee, and the putative class included "former mine workers, adjoining land owners, and/or other individuals who worked/lived at or near the Squaw Creek mining operations [and] their spouses, widows, widowers, and families with children." 2006 WL 1994840 at 2. *Kearns* did not involve toxic property damages at all, but a claim of alleging abusive practices in connection with an automobile dealership sales program in which some 79,000 vehicles were sold.

*Dunham v. Coffeyville Resources, LLC*, 2007 WL 3283774 at *2 (D. Kan. Nov. 6, 2007).

This Court applied its common sense to the class definition to find citizenship and

rejected the notion that direct evidence of each class member's citizenship was necessary.

> The court finds that dismissal is required, and that further discovery is unjustified. This is because the plaintiffs' *own characterizations of the case* demonstrate the purely local nature of the class. ….

> CAFA does not require exact citizenship of each member of the plaintiff class; the court may still apply a CAFA exception where the pleadings and circumstances of the case are such that it is "reasonably likely that two-thirds of the putative class members" are citizens of the forum. *Matter v. Clear Channel Comm.* 239 F.R .D. 70, 80 (S.D.N.Y.2006). *See also Fiore v. First Am. Title Ins. Co.,* Case No. 05-CV-474, 2005 WL 3434074, *2 (S.D.Ill.Dec. 13, 2005) (applying standard of "reasonable probability" to CAFA jurisdictional claim).

---

[7] Of course, as the name would apply, the "local" exception is more narrow than the "home state" exception.

The court finds that it is reasonably probable that more than two-thirds of the plaintiff class are Kansas citizens; the court finds that the CAFA exceptions potentially apply. Given that this probability arises due to the plaintiffs' own statements of the case, the court finds that this result would accrue even if the court were to conclude that the defendants had the burden of showing the applicability of a CAFA exception.

*Dunham*, 2007 WL 3283774 at *3.  Other courts have followed the reasoning of *Dunham*.

Courts have acknowledged that where, as here, a proposed class is discrete in nature, a common sense presumption should be utilized in determining whether citizenship requirements have been met. *See Bennett,* 2007 WL 2571942, at * 4; *Caruso,* 469 F.Supp.2d at 368. For example, in *Caruso,* the plaintiffs sought to represent a class that included all Louisiana homeowners who had purchased homeowner's policies from one of six insurance companies named as defendants to the action. *Id.* at 367. Because owning a home is an indicium of a person's domicile, the court held that the plaintiffs' own characterizations of the class, particularly plaintiffs' assertions that they represented a class of individuals covered by homeowner's policies for homes located in Louisiana, created a reliable presumption that the class was comprised of Louisiana citizens. *Id.; see also Coury,* 85 F.3d at 251 (listing the place where a person owns real and personal property as factors traditionally considered when determining a person's domicile); *Dunham v. Coffeyville Res., L.L.C., No. 07-1186-JTM, 2007 WL 3283774, at *3 (D.Kan. Nov. 6, 2007)* (finding that plaintiffs' characterization of class as "residents, domiciliaries, and property owners of Coffeyville, Kansas" demonstrated its local nature). As the court explained in *Caruso,* "[a]lthough there well may be proposed classes where detailed proof of the two-thirds citizenship requirement is required, the Court finds that common sense should prevail in this closed-end class involving people who, as noted, hold an asset that is a measure of domicile, their home." 469 F.Supp.2d at 368.

*Joseph v. Unitrin, Inc.,* 2008 WL 3822938 at *6 (E.D Tex. Aug. 12, 2008)

3.  Defendant's speculation that some indeterminant number of class members may not be Kansas citizens does not bar remand.

Defendant complains that some non-Kansans may possibly be members of the class even though the class is restricted to people who have Kansas billing addresses,

Kansas phone numbers, and paid Kansas USF fees.  Of course, since only two thirds of the class members need to be Kansas citizens for the home state exception to apply, using common sense, the complaints are ill-founded.

Defendant posits that "some out-of-state students likely obtained Kansas billing addresses and phone numbers while remaining citizens of their home states".  (Doc. 1, at 5).  Defendant suggests that KU college students from out-of-state might have a Kansas billing address and Kansas phone number without being a Kansas citizen.  Why that would be the case is never explained, and certainly not proven.  Second, even if out-of-state KU students had a Kansas billing address and a Kansas phone number as often as in-state KU students, the entire population of KU students would still be more than 2/3rds Kansas citizens because less than 1/3 of the KU student body is out-of-state. [8]

Second, Defendant's speculation that some former Kansas citizens may have wholesale left the State is also irrelevant. Instead the argument must be that it is more likely than not that two thirds of the class members have permanently moved out-of-state. No evidence of that exists; nor is it common experience.  Have over 1/3rd of the Kansans moved out-of state during the Class Period of January 1, 2005 to the present?  That is just not common sense.

Third, Defendant speculates that some corporations may have offices in Kansas and Kansas phone numbers, but are citizens of other states, and perhaps "other categories of non-Kansans" exist.  (Doc. 1, at 5).  These issues were raised and rejected in *Kitson*.

Defendant's cases do not establish a contrary legal position, and certainly do not control in the face of Tenth Circuit authority in *Dyer* or this Court's analysis in *Dunham*.

---

[8] https://www.collegetoolkit.com/colleges/browse/out-of-state_students/kansas/20/results/20.1-30_out-of-state/20.aspx

The cases cited by Defendant (Doc. 1 at 3) prove Plaintiffs' point that this defined class is state-specific and should be remanded.  First, Defendant relies on two Fifth Circuit cases that are not legally applicable because they focused primarily on the "local controversy", rather than "home state", exception.  And, more importantly, the Fifth Circuit cases are factually distinguishable because, unlike this case, they are based on the Hurricane Katrina aftermath and who was and was not a Louisiana citizen after the mass exodus caused by that disaster.  *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 804 (5th Cir.2007)("*Preston I")* (upholding remand order); *Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793 (5th Cir.*2007) *("Preston II* ")* (reversing remand order). Kansas citizens state-wide have not experienced a hurricane or other natural disaster that caused a mass migration out of state.  *See also Joseph v. Unitrin, Inc.,* 2008 WL 3822938 at *6 (E.D. Tex. Aug. 12, 2008) (following *Preston I* and *II*, remanding, finding "there is no indication of a mass exodus of more than one-third of these persons").  Second, even the *Preston* cases support Plaintiffs here on the law since both noted that billing addresses could evidence citizenship, and *Preston I* remanded the case because of it.  *See also Bennett v. Bd. of Commissioners for East Jeff. Levee Dist.*, 2007 WL 2571942 (E.D. La. Aug. 31, 2007) (remanding, citing *Preston I* and *II*); *Martin v. Lafon Nursing Facility*, 548 F.Supp.2d 268 (E.D. La. Feb. 27, 2008) (same).  Even under Fifth Circuit law, which does not apply here, it would seem this case should be remanded.

Defendant also cites cases that are just the opposite of what the class pled here. (Doc. 1, at 5-6).  For instance, *King v. Safeway*, 2008 WL 18085450 (N.D. Cal. April 22, 2008) denied the Home State exception because the class did not have any special ties

that were indicative of California citizenship.  Merely saying that the class was of California citizens was conclusory, not objective, and not sufficient.  *See also, Preston*, 485 F.3d at 803 ("Plaintiffs must offer more than conclusory statements to prove citizenship").  Plaintiffs here did not just plead the class as "Kansas citizens" in conclusory fashion, but pled objective criteria that is indicative of, and raises a legal presumption of, Kansas citizenship.  Defendant also cited to *Anthony v. Small Tube Mfg. Corp.*, 535 F. Supp. 2d 506, 517 (E.D. Pa. 2007) which is not applicable because in that case there were multiple primary defendants from more than one state and the class involved a 35 year class period.  Billing addresses, phone numbers, and taxes are typical indicators of citizenship.  Defendant's authority supports this finding.

    4.  <u>Discretionary Remand Under the 1/3 State Class Rule Is Also Met.</u>

In the alternative, under CAFA Section 1332(d)(3) , the court has the discretion to decline jurisdiction if (1) between one-third and two-thirds of all class members, in the aggregate, are Kansas citizens, and (2) Defendant also is a citizen of Kansas. Both elements are present here.

CAFA sets out six factors to consider for discretionary remand:

> (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3).  Factors A and F favor removal, but factors B, C, D, and E favor remand.  Notably, some defendants have argued that factor C should be considered in favor of removal if the case could have been pled in a different manner to support federal jurisdiction.  But factor C does not say whether a "different class action" could have been pled, but whether the "class action has been pleaded" to avoid federal jurisdiction. Clearly, in keeping with Plaintiffs' prerogative to plead to avoid federal jurisdiction,[9] it was. Doc. 1-2 at 17, para. 5 ("This case has been expressly pled to circumvent federal jurisdiction as is Plaintiff's right under CAFA and federal jurisprudence.")  This factor favors remand, and the bulk of the other factors do too.

WHEREFORE, Plaintiffs prays that the Court remand this case to state court.

Respectfully submitted,

/s/ Rex A. Sharp
Rex A. Sharp KS#12350
Barbara C. Frankland, KS#14198
Gunderson, Sharp & Walke, L.L.P.
5301 W. 75th Street
Prairie Village, KS 66208
(913) 901-0500
(913) 901-0419 fax

David J. Rebein #10476
Shane Bangerter #14527
Rebein Bangerter, P.A.
810 Frontview
P.O. Box 1147
Dodge City, KS 67801
(620) 227-8126
(620) 227-8451 fax
ATTORNEYS FOR PLAINTIFFS

---

[9] *St. Paul Mercury Indem. Co. v. Red Cab Co* 303 U.S. 283, 58 S.Ct. 586 (1938). Yet another reason is that after jurisdictional discovery, which would be the only case bogging down the MDL court with that, remand would be appropriate.  *Hart*, 457 F.3d at 682 (remanding the case rather than waste time with jurisdictional discovery).

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on November 28, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to counsel of record: wsampson@shb.com.


_____/s/ Rex A. Sharp_____